IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| LUCINDA CHOULES, ON BEHALF OF ELIZABETH IRVING ARNOLD,<br><br>   Plaintiff,<br>v.<br><br>JENNIFER CHOULES OGLE and PAMELA CHOUSLES,<br><br>   Defendants. | NO. 9:23-CV-00055-MJT-ZJH |

**REPORT AND RECOMMENDATION DISMISSING CASE**

  This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is *pro se* Plaintiff Lucinda Choules's (hereinafter, "Lucinda") *Motion for Leave to Proceed in forma pauperis*. Doc. No. 2; *see* 28 U.S.C. § 1915.

  After reviewing Lucinda's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that Lucinda meets the indigence requirements of 28 U.S.C. § 1915. However, pursuant to the court's own motion, the undersigned recommends that the court dismiss the case *sua sponte* because Lucinda has failed to establish this court has subject-matter jurisdiction to entertain this case.

  Because Lucinda is proceeding *pro se*, her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

I.      **Factual and Procedural Background**

The present action arises out of an underlying analogous probate dispute in the Superior Court of California, County of Riverside, Probate Division. Doc. No. 1 at 2. The basis for this dispute began in September 2019, when Lucinda alleges that her sister, Pamela Choules (hereinafter, "Pamela"), abducted their mother, Elizabeth Irving Arnold, from Lucinda's home in Texas. *Id.* at 4. At that time, Pamela allegedly represented to Lucinda that she would escort their mother to an Alzheimer's specialist, however, instead, moved their mother closer to Pamela's family in Tennessee. *Id.* From there, Pamela allegedly "tricked" their mom into entering an assisted-living facility in Perris, California. *Id.* at 5. Since this alleged abduction, Lucinda maintains that Pamela severely mistreated their mother during her stay in Pamela's custody, and therefore, requests the court "bring her [mom] back home to [Texas] to live with [Lucinda]." *Id.* at 6.

On March 4, 2022, Lucinda filed her *Petition for Appointment of Conservator of Elizabeth Irving Arnold* and a subsequent *Petition for Appointment of Temporary Conservator*, in the Probate Division of the Riverside, California Superior Court ("California Probate Court" or "Probate Court"). *Matter of Elizabeth Irving Arnold*, Case No. PRRI2200395 (Cal. Sup. Ct, Riverside Prob. Ct. Mar. 4, 2022). On March 16, 2022, the California Probate Court held a hearing on Lucinda's conservatorship petition, with Pamela present. *Id.*, Mar. 16, 2022 Hr'g. At that time, the Probate Court denied Lucinda's *Petition for Appointment of Temporary Conservator*. *Id.*

On May 19, 2022, Lucinda's other sister, Jennifer Choules Ogle (hereinafter, "Jennifer"), and Pamela filed their joint *Objection to Lucinda Choules's Petition for Conservatorship of the Person of Elizabeth Irving Arnold*. *Id.*, May 19, 2022 Min. Entry. On June 16, 2022, Lucinda filed her second *Petition for Appointment of Temporary Conservator* ("Second Petition"), and on

June 17, 2022, Lucinda filed an *Emergency Ex Parte Petition to Remove Elizabeth Irving Arnold From Care Facility* ("Emergency Petition"). *Id.*, June 16, 2022 & June 17, 2022 Min. Entries. On June 22, 2022, the Probate Court held a hearing on Lucinda's *Second Petition* and denied her *Emergency Petition* after holding a hearing with Pamela and Jennifer present. *Id.*, June 22, 2022 Hr'g & Min. Entries. On November 3, 2022, Pamela and Jennifer filed their joint *Objection to Lucinda's Petition for Appointment of Temporary Conservator*. *Id.*, Nov. 3, 2022 Min. Entry.

On March 22, 2023, the California Probate Court held a hearing and ruled on all pending petitions for the appointment of Elizabeth Arnold's conservator. *Id.*, Mar. 22, 2023 Hr'g & Min. Entries; Doc. No. 4. At this hearing, the Probate Court denied Lucinda's petition, and granted conservatorship rights over Elizabeth Arnold's person and estate to Pamela and Jennifer. *Id.* On March 20, 2023, Lucinda filed her instant *Complaint* (Doc. No. 1) against her sisters Pamela and Jennifer, requesting this court grant her conservatorship rights over her mother.

## II.     Discussion

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction"—here, the plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "Thus, a losing party may not seek what amounts to appellate review of a final state court judgment

in a federal district court." *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011); *see also Uresti v. Berchelmann*, 545 F. App'x 271, 272 (5th Cir. 2013) ("Under the *Rooker-Feldman* doctrine, 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'") (quoting *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)). "'[T]he doctrine usually applies only when a plaintiff explicitly attacks the validity of a state court's judgment, though it can also apply if the plaintiff's federal claims are also inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision.'" *Id.* (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390–91 (5th Cir. 2012).

Thus, the court must recommend dismissing Lucinda's lawsuit for two main reasons. First, Lucinda has not pleaded any cause of action against her sisters Pamela and Jennifer. Therefore, the court cannot discern whether Lucinda has attempted to invoke this court's diversity jurisdiction or federal question jurisdiction since Lucinda has not raised any legal theories or statutory violations. *See generally* Compl., Doc. No. 1. Instead, Lucinda has only represented that her requested relief is for the court "to help [her] rescue [her] mom and bring her back home to [Texas] to live with [Lucinda] as a free person," and requests the court send U.S. Marshals to meet with her "to collect evidence in this case." *Id.* at 6. Not only has Lucinda failed to plead any authority conferring this court to direct the U.S. Marshals to fulfill this request, but Lucinda has not pleaded any legal basis, statute, or theory for this requested relief, such that the court cannot discern whether this case is within the proper scope of its jurisdiction.

Second, even if Lucinda *can* properly invoke either diversity or federal question jurisdiction, the court expressly lacks subject-matter jurisdiction to entertain the merits of the conservatorship proceedings that have taken place in the California Probate Court. In *Uresti*, the

Fifth Circuit confronted a similar case to the present matter, where Alan Uresti brought a lawsuit pursuant to 42 U.S.C. § 1983 "regarding his civil rights violations [which] arose directly from state court rulings in the conservatorship actions concerning his sons." 545 F. App'x at 272. There, the Fifth Circuit held that his federal "civil rights claims arose from and are so inextricably intertwined with the state judgments that the federal court is essentially being called upon to review the state court decisions." *Id.* at 272–73 (citation omitted). Therefore, the Fifth Circuit upheld the district court's dismissal of the action pursuant to 28 U.S.C. § 1915(e) for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Id.* at 273.

Similarly, in *Moore v. Whitman*, the Fifth Circuit once again reviewed a matter brought by a "state-court loser" in a conservatorship proceeding. 742 F. App'x 829 (5th Cir. 2018). In *Moore*, the Texas Department of Protective and Family Services removed a four-month-old child, ALH, from the custody of his biological parents, and placed him in foster care with the Hoods. *Id.* at 830. Moore, ALH's biological paternal aunt, also sought custody of ALH and filed a suit for modification of ALH's managing conservatorship in Texas state court. *Id.* at 830–31. The state court held an eight-day trial and a jury concluded that the Hoods were better suited to become the sole managing conservators of ALH. *Id.* at 831. Moore brought a civil rights action in federal district court thereafter, seeking an injunction prohibiting the Hoods from adopting ALH. *Id.*

There, the Fifth Circuit affirmed that the court lacked jurisdiction, concluding that: "Moore sought in her amended complaint injunctive relief halting ALH's adoption—which the state-court allowed to proceed in favor of the Hoods—while Moore continued to pursue custody.[] This relief would have required the district court to modify the state appellate court's judgment, which it cannot do.[]" *Id.* at 832 (internal footnotes omitted).

As such, for the same reasons set forth in *Uresti* and *Moore*, this court lacks subject-matter jurisdiction to entertain Lucinda's action. *Moore*, 742 F. App'x at 832; *Uresti*, 545 F. App'x at 273. On March 16, 2022, the California Probate Court denied Lucinda's *Petition for Appointment of Temporary Conservator*, and on June 22, 2022, the Probate Court denied Lucinda's *Second Petition for Appointment of Temporary Conservator* and *Emergency Ex Parte Petition to Remove Elizabeth Irving Arnold From Care Facility*. Mar. 16, 2022 Hr'g, June 16, 2022–June 17, 2022 Min. Entries, *Matter of Elizabeth Irving Arnold*, Case No. PRRI2200395 (Cal. Sup. Ct, Riverside Prob. Ct.). Lucinda cannot seek what is essentially appellate review of these state court orders, and this court lacks authority to modify or nullify these state court decisions. *Moore*, 742 F. App'x at 832; *Uresti*, 545 F. App'x at 272.

Furthermore, Lucinda also requests review of the Probate Court's March 22, 2023, decision denying Lucinda's *Petition for Appointment of Temporary Conservator*, and granting conservatorship rights of Elizabeth Arnold to Pamela and Jennifer. *Id.*, Mar. 22, 2023 Hr'g & Min. Entries; Doc. No. 4. Indeed, Lucinda's most recent filing admits that "[m]y sisters Pamela Choules and Jennifer Ogle were awarded Conservatorship of my mom Elizabeth Irving Arnold[.]" Doc. No. 4 at 1. The *Rooker-Feldman* doctrine bars any review of this matter.

Moreover, to the extent that this doctrine does not apply because Lucinda brought the instant matter two days before the California court's decision, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to "state-court judgments rendered before the district court proceedings commenced[,] [ ] inviting district court review and rejection of those judgments"), the court still lacks jurisdiction as federal courts cannot enjoin state court proceedings under the Anti-Injunction Act. *In re Grand Jury Subpoena*, 866 F.3d 231, 233 (5th Cir. 2017); Anti-Injunction Act, 28 U.S.C. § 2283 ("A court of the United States

may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress[.]"); *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005) ("The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court.") (citation omitted). Furthermore, if any of the three (3) exceptions to the Anti-Injunction Act applies, Lucinda has failed to plead as such. *Vines*, 398 F.3d at 704. Thus, the court lacks the requisite subject-matter jurisdiction to entertain Lucinda's case. The court should therefore dismiss this action with prejudice.

### III.   Recommendation

Plaintiff Lucinda Choules' *Motion to Proceed In Forma Pauperis* (Doc. No. 2) is granted. Choules' *Complaint* (Doc. No. 1) should be dismissed with prejudice for failing to establish that the court possesses subject-matter jurisdiction to entertain the case.

### IV.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District

Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge